MIAMI HOME MILK PRODUCERS ASSN. v. CARRIE LaCOURSE.

158 So. 117.
Division B.
Opinion Filed July 5, 1934.

*Malcolm M. McDonald,* for Appellant;
*Walsh, Beckham & Ellis,* for Appellee.

PER CURIAM.—This appeal is from a decree dismissing on final hearing a bill of complaint brought by the Miami Home Milk Producers Association, a Florida corporation, to enforce by injunction proceedings a contract made by Carrie LaCourse with the association for the delivery to the latter the milk products of the former.

The pleadings and evidence are of such a nature that the court will not be held in error for denying the equitable remedy of injunction and specific performance of the contract, leaving the parties to remedy by appropriate action at law if legal rights have been violated.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.

## ON REHEARING.

PER CURIAM.—In the opinion filed in this case on July 5, 1934, it was held that the pleadings and evidence were of such nature that the Circuit Court would not in this particular case be held in error for denying the equitable remedy of injunction and specific performance of a marketing agreement with reference to the marketing of milk on the part of the defendant below.

The appellee, Carrie LaCourse, became a party to a co-operative marketing association agreement with appellant, a corporation organized for the co-operative market-

ing of dairy products under Chapter 9300, Acts 1923, Laws of Florida, Sections 6466-6494 C. G. L. Her contract required her, under certain conditions, to deliver to the association for sale or distribution all dairy products by her produced, of whatsoever kind or character. The term of the contract was five years. This suit was one for injunction and specific performance against the appellee, based on appelleee's contractual obligation to produce and deliver her dairy products only to the appellant, a co-operative marketing association.

In denying equitable relief, the Chancellor made a special finding, as follows:

"The Court * * * finds that the price of milk allowed and paid by plaintiff to the defendant is below the cost of production as shown by the testimony and that defendant was justified under the circumstances in withdrawing from the plaintiff association, to avoid irreparable loss and injury, and virtual confiscation of her property."

Contracts of the kind here involved have been upheld and enforced in this State. Lee v. Clearwater Growers Ass'n, 93 Fla. 214, 111 Sou. Rep. 722. See also Nebraska Wheat Growers Ass'n v. Smith, 115 Neb. 177, 212 N. W. Rep. 39. But the validity of such a contract will not necessarily preclude a denial of specific enforcement of it in equity, where such conditions are found to exist, and such results likely to ensue, as those affirmatively found by the Chancellor to be present in this case.

In upholding the Chancellor's refusal of equitable relief on the record here presented, this Court did not undertake to affirm that particular part of the Chancellor's holding which implies that inability to carry out an improvidently made contract of the character brought in controversy in this suit necessarily works a discharge of the contract itself as a legal obligation. This is so because the earlier opinion

of this Court in this case in express terms stated that the affirmance of the decree appealed from will leave the parties to a remedy by appropriate action at law if legal rights have been violated, thereby modifying the decree appealed from in that particular.

Former opinion of July 5, 1934, adhered to and decree, as modified on this appeal, reaffirmed on rehearing.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.